*20 OPINION OF THE COURT
Memorandum.
On the court’s own motion, appeals consolidated for purposes of disposition.
Judgments reversed without costs and matters remanded to the court below for a new trial.
Plaintiff brought four commercial claims actions against defendant to recover for treatment provided to defendant and his three minor children following a motor vehicle accident. Defendant’s insurance carrier refused to pay the no-fault claims on the ground that the injuries complained of were not causally related to the accident. Following unsuccessful attempts to arbitrate the claims with the insurance carrier, plaintiff commenced the present commercial claims actions directly against defendant. After a joint trial of the four claims, the court below dismissed same.
Substantial justice was not done between the parties in accordance with the rules and principles of substantive law (UDCA 1804-A, 1807-A) in these four commercial claims actions. The dismissals of the four claims were improper.
In order for a provider to receive direct payment from an insurer under the no-fault regulations, the claims must have been assigned to the provider pursuant to an assignment containing language required by regulation (see 11 NYCRR 65-3.11 [b] [2]). The required language in New York State form NF-3 (it should be noted that form NF-AOB is substantively identical) for assignment of benefits states:
“I HEREBY ASSIGN TO THE HEALTH CARE PROVIDER INDICATED BELOW ALL RIGHTS, PRIVILEGES AND REMEDIES TO PAYMENT FOR HEALTH CARE SERVICES PROVIDED BY THE ASSIGNEE TO WHICH I AM ENTITLED UNDER ARTICLE 51 (THE NO-FAULT STATUTE) OF THE INSURANCE LAW. THE ASSIGNEE HEREBY CERTIFIES THAT THEY HAVE NOT RECEIVED ANY PAYMENT FROM OR ON BEHALF OF THE ASSIGNOR AND SHALL NOT PURSUE PAYMENT DIRECTLY FROM THE ASSIGNOR FOR SERVICES PROVIDED BY SAID ASSIGNEE FOR INJURIES SUSTAINED DUE TO THE MOTOR VEHICLE ACCIDENT, NOTWITHSTANDING ANY OTHER AGREEMENT TO THE CONTRARY. THIS AGREEMENT MAY BE RE- *21 YOKED BY THE ASSIGNEE WHEN BENEFITS ARE NOT PAYABLE BASED UPON THE ASSIGNOR’S LACK OF COVERAGE AND/OR VIOLATION OF A POLICY CONDITION DUE TO THE ACTIONS OR CONDUCT OF THE ASSIGNOR” (emphasis added).
This language has been held to preclude the assignee from pursuing a patient for payment unless the denial of benefits was due to lack of coverage (which would include a finding that the treatment was for injuries found not to be causally related to the accident) or a violation of the policy based on the conduct of the assignor (2006 Ops Gen Counsel NY Ins Dept 06-05-07 [May 12, 2006]).
Defendant is thus clearly personally subject to suit by plaintiff as his claimed injury was found in arbitration to be unrelated to the alleged accident, resulting in a failure of insurance coverage (see Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]), a condition under which such suit is permitted. The finding in arbitration as to the three children was, in essence, that no valid assignment of benefits had been made, rendering plaintiffs claims as to them the proper subject of litigation as well.
As the court below dismissed these matters without reaching a determination upon the merits of the claims, we remand the matters to the court below for a new trial.
Rudolph, EJ., McCabe and Lippman, JJ., concur.