■ CHRISTOPHER BASILE, Appellant, v SHERRY WIGGS, Respondent. [950 NYS2d 148]—

In an action, inter alia, to recover damages for breach of a stipulation of settlement, which was incorporated but not merged into the parties' judgment of divorce dated June 19, 2007, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Connolly, J.), entered September 6, 2011, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint, in effect, denied his cross motion for summary judgment on the complaint, denied, as academic, that branch of his second cross motion which was to compel certain discovery, and granted that branch of the defendant's cross motion which was for an award of an attorney's fee to the extent of awarding an attorney's fee in the amount of $1,500 to the defendant's attorney.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must af-

ford the complaint a liberal construction, accept all facts as alleged in the complaint to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]). However, a court may consider evidentiary material submitted by a defendant in support of a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) (*see* CPLR 3211 [c]; *Sokol v Leader*, 74 AD3d 1180, 1181 [2010]). "When evidentiary material is considered" on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion has not been converted to one for summary judgment, "the criterion is whether the [plaintiff] has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Sokol v Leader*, 74 AD3d at 1182). Here, the complaint was predicated upon an allegation that the parties' stipulation of settlement, which was incorporated but not merged into their judgment of divorce, obligated the defendant to pay a particular money judgment in favor of the defendant's prior attorney and against the plaintiff. However, the defendant "indisputably" demonstrated "through evidentiary material" that this allegation was "not a fact at all" (*Baron v Galasso*, 83 AD3d 626, 628 [2011] [internal quotation marks omitted]; *see Prudential-Bache Metal Co. v Binder*, 121 AD2d 923, 925-926 [1986]; *see also Asgahar v Tringali Realty, Inc.*, 18 AD3d 408, 409 [2005]). Accordingly, the Supreme Court properly granted that branch of her motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

The plaintiff's remaining contentions either are without merit, refer to matter dehors the record, or are otherwise not properly before this Court. Skelos, J.P., Balkin, Lott and Miller, JJ., concur.