■ George W. Baumann, Appellant, v Hanover Community Bank, Respondent. [957 NYS2d 111]—

In an action, inter alia, to recover damages for breach of a loan commitment, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated June 7, 2011, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) to dismiss the complaint, and denied his cross motion for summary judgment on the issue of liability on the cause of action to recover damages for breach of the loan commitment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against the defendant, Hanover Community Bank, to recover damages for breach of a loan commitment, negligent and intentional infliction of emotional distress, and breach of fiduciary duty. The complaint alleges that in April 2010, the defendant issued a loan commitment to the plaintiff and his wife in connection with a residential mortgage, the mortgage closing was held on May 7, 2010, and the plaintiff's wife died on May 12, 2010. The complaint further alleges that on May 13, 2010, when the defendant learned that the plaintiff's wife had died, the defendant refused to fund the loan. In the order appealed from, the Supreme Court, among other things, granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) to dismiss the complaint, and denied the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action to recover damages for breach of the loan commitment.

As an initial matter, there is no merit to the defendant's contention that the plaintiff failed to assemble a sufficient record for this Court to reach an informed decision on the merits and provide meaningful appellate review of the order insofar as appealed from (cf. Lew v Lew, 82 AD3d 1171 [2011]).

On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the complaint a liberal construction (see CPLR 3026), "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see Nonnon v City of New York, 9 NY3d 825, 827 [2007]). However, a court may consider evidentiary material submitted by a defendant in support of a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) (see CPLR 3211 [c]; Sokol v Leader, 74 AD3d 1180, 1181 [2010]). "When evidentiary mate-

rial is considered" on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion has not been converted to one for summary judgment, "the criterion is whether the [plaintiff] has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Basile v Wiggs*, 98 AD3d 640, 641 [2012]; *Sokol v Leader*, 74 AD3d at 1182).

Here, the complaint was predicated upon an allegation that the loan was not funded by the defendant. However, the defendant "indisputably" demonstrated "through evidentiary material" that this allegation was "not a fact at all" (*Baron v Galasso*, 83 AD3d 626, 628 [2011] [internal quotation marks omitted]), by showing that the loan was, in fact, funded. Therefore, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the cause of action to recover damages for breach of the loan commitment. For the same reason, the Supreme Court properly denied the plaintiff's cross motion for summary judgment on the issue of liability on this cause of action, as the plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law.

The Supreme Court also properly granted that branch of the defendant's motion which was to dismiss the second cause of action, which was to recover damages for negligent and intentional infliction of emotional distress. With respect to the allegations sounding in negligent infliction of emotional distress, a breach of the duty of care "resulting directly in emotional harm is compensable" (*Kennedy v McKesson Co.*, 58 NY2d 500, 504 [1983]) when the mental injury is "a direct, rather than a consequential, result of the breach" (*id.* at 506) and when the claim possesses "some guarantee of genuineness" (*Ferrara v Galluchio*, 5 NY2d 16, 21 [1958]; *see Ornstein v New York City Health & Hosps. Corp.*, 10 NY3d 1, 6 [2008]). Applying these principles, the complaint does not allege the existence of a duty on the part of the defendant to the plaintiff in connection with the subject loan commitment. As alleged, "the parties' relationship was a contractual one between a borrower and a bank, which does not give rise to a duty which could furnish a basis for tort liability" (*Rakylar v Washington Mut. Bank*, 51 AD3d 995, 996 [2008]; *see Johnson v Jamaica Hosp.*, 62 NY2d 523, 528 [1984]).

In order to state a cause of action to recover damages for intentional infliction of emotional distress, the complaint must allege conduct that was "so outrageous in character, and so

extreme in degree, as to go beyond all possible bounds of decency . . . and [was] utterly intolerable in a civilized community" (*Marmelstein v Kehillat New Hempstead: The Rav Aron Jofen Community Synagogue*, 11 NY3d 15, 22-23 [2008] [internal quotation marks omitted]; *see Howell v New York Post Co.*, 81 NY2d 115, 121 [1993]). Here, the allegations in the complaint did not meet that burden.

The plaintiff's remaining contentions with respect to the second cause of action are without merit.

Further, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the cause of action to recover damages for breach of fiduciary duty for failure to state a cause of action. The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct (*see Rut v Young Adult Inst., Inc.*, 74 AD3d 776 [2010]). Generally, the relationship between a borrower and a bank is contractual in nature and does not create a fiduciary relationship between them (*see e.g. Marine Midland Bank v Hallman's Budget Rent-A-Car of Rochester*, 204 AD2d 1007, 1007 [1994]; *Bank Leumi Trust Co. of N.Y. v Block 3102 Corp.*, 180 AD2d 588, 589 [1992]; *see also Call v Ellenville Natl. Bank*, 5 AD3d 521, 523 [2004]). Here, the complaint failed to allege that the parties' relationship was such that "one of them [was] under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation" (*AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 11 NY3d 146, 158 [2008] [internal quotation marks omitted]; *see Roni LLC v Arfa*, 18 NY3d 846, 848 [2011]). Dillon, J.P., Leventhal, Hall and Austin, JJ., concur.