■ Ronald Pirrelli et al., Respondents, v OCWEN Loan Servicing, LLC, et al., Appellants, et al., Defendants. [12 NYS3d 110]—

In an action, inter alia, pursuant to RPAPL article 15 and to recover damages under General Business Law § 349, the defendants OCWEN Loan Servicing, LLC, US Bank, N.A., as Trustee for the Registered Holders of MASTR Asset Backed Securities Trust 2005-WMC1, Mortgage Pass-Through Securities, Scott Anderson, Doris Chapman, Noemi Morales, UBS Securities, MERSCORP, Inc., and Mortgage Electronic Registration Systems, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.) dated April 22, 2013, as denied their motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, and the defendants Shapiro & DiCaro, LLP, and Julie Doyle separately appeal, as limited by their brief, from so much of the same order as denied that branch of their separate motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof denying those branches of the motion of the defendants OCWEN Loan Servicing, LLC, US Bank, N.A., as Trustee for the Registered Holders of MASTR Asset Backed Securities Trust 2005-WMC1, Mortgage Pass-Through Securities, Scott Anderson, Doris Chapman, Noemi Morales, UBS Securities, MERSCORP, Inc., and Mortgage Electronic Registration Systems which were pursuant to CPLR 3211 (a) to dismiss the causes of action to recover damages for negligent infliction of emotional distress, intentional infliction of emotional distress, violations of the Racketeer Influenced and Corrupt Organizations Act (18 USC § 1961 *et seq.*), and violations of the Federal Fair Debt Collection Practices Act (15 USC § 1692 *et seq.*) insofar as asserted against them, and substituting therefor provisions granting those branches of the motion, and (2) by deleting the provision thereof denying that branch of the motion of the defendants Shapiro & DiCaro, LLP, and Julie Doyle which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiffs to the defendants Shapiro & DiCaro, LLP, and Julie Doyle.

The instant action involves an allegedly fraudulent mortgage loan transaction. Beginning in approximately 1987, the plaintiffs became the owners of a house in Sag Harbor. The subject property was titled in the plaintiffs' names until 2004, when they applied for a mortgage refinancing loan. The plaintiffs asserted in their complaint that a mortgage broker, the defendant Michael Lupo, suggested that they "add" a third party named Dexter Dick to the loan application. Dick applied for and was approved for two mortgage loans from WCM Mortgage (hereinafter WCM). A closing was conducted on or about December 22, 2004. The complaint alleged that, after the closing, the plaintiffs made payments on the loan to WCM and/or to its servicer, the defendant OCWEN Loan Servicing, LLC (hereinafter OCWEN), until approximately August 2005. The plaintiffs alleged that, in August 2005, they discovered that Dick had become the sole titled owner of the subject property, pursuant to a deed executed in late 2004 purporting to transfer the property from the plaintiffs to Dick. The plaintiffs claimed that they did not sign the deed, or that they did not know that they signed a document that purported to be a deed. The complaint alleged that the plaintiffs ceased making loan payments in August 2005, based on their discovery of the deed purporting to transfer, to Dick, sole title to the subject property.

In 2005, the plaintiffs commenced an action pursuant to RPAPL article 15 against Dick and others to quiet title to the subject property. In early 2006, the subject mortgages were purportedly assigned by the defendant Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for WCM, to the defendant US Bank, N.A. US Bank, N.A., then intervened in the 2005 action to quiet title. In early 2006, US Bank, N.A., commenced two foreclosure actions against, among others, Dick and the plaintiffs. Those actions were stayed by order of the Supreme Court dated March 10, 2008.

In the instant action, the plaintiffs alleged, inter alia, that OCWEN, US Bank, N.A., as Trustee for the Registered Holders of MASTR Asset Backed Securities Trust 2005-WMC1, Mortgage Pass-Through Securities, Scott Anderson, Doris Chapman, Noemi Morales, UBS Securities, MERSCORP, Inc., and MERS (hereinafter collectively the OCWEN defendants) committed improper acts related to the foreclosure actions. The plaintiffs also alleged, inter alia, that the defendants Shapiro & DiCaro, LLP, and Julie Doyle (hereinafter together the attorney defendants) engaged in improper conduct in representing US Bank, N.A., in the foreclosure actions. The plaintiffs al-

leged that the subject mortgages are invalid as a result of the fraudulent deed. The plaintiffs further alleged that MERS, as nominee for WCM, purported to assign the mortgage to US Bank, N.A., by means of a fraudulent transaction and that, in the foreclosure actions, US Bank, N.A., knowingly relied on that fraudulent assignment. The plaintiffs asserted that they did not learn of the alleged forgery or fraud until early 2012 when, during the discovery process in the action to quiet title, they found out that, in addition to the assignment of mortgage that was recorded in 2006, there existed multiple "versions" of the purported assignment of mortgage, some of which were allegedly fraudulently "back-dated."

In considering a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the sole criterion is whether, from the complaint's "four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Country Pointe at Dix Hills Home Owners Assn., Inc. v Beechwood Org.*, 80 AD3d 643, 649 [2011]; *Fishberger v Voss*, 51 AD3d 627 [2008]). For purposes of a CPLR 3211 (a) (7) motion, the facts pleaded are presumed to be true and are to be accorded every favorable inference (*see Gershon v Goldberg*, 30 AD3d 372 [2006]).

Here, as the OCWEN defendants correctly assert, the complaint fails to state a cause of action to recover damages for negligent or intentional infliction of emotional distress as against them. The relationship between the plaintiffs and those defendants "does not give rise to a duty which could furnish a basis for tort liability" in negligence (*Baumann v Hanover Community Bank*, 100 AD3d 814, 816 [2012]). Further, the plaintiffs did not allege that their "physical safety" was endangered or that they were caused to fear for their physical safety, which is generally an element of a cause of action based on negligent infliction of emotional distress (*Santana v Leith*, 117 AD3d 711, 712 [2014]; *see Sheila C. v Povich*, 11 AD3d 120, 130 [2004]). Moreover, the conduct complained of is not sufficiently extreme and outrageous to support the cause of action to recover for damages for intentional infliction of emotional distress (*see Curtis-Shanley v Bank of Am.*, 109 AD3d 634, 635 [2013]; *Baumann v Hanover Community Bank*, 100 AD3d at 816).

The complaint also fails to state a cause of action to recover damages for a violation of the Racketeer Influenced and Corrupt Organizations Act (18 USC § 1961 *et seq.* [hereinafter RICO]) as against the OCWEN defendants, as the plaintiffs failed to assert that those defendants engaged in a "pattern of

racketeering" (18 USC § 1962 [c]; *see Becher v Feller*, 64 AD3d 672, 677 [2009]; *see also Vicom, Inc. v Harbridge Merchant Servs., Inc.*, 20 F3d 771, 781 [7th Cir 1994]; *Thompson v Paasche*, 950 F2d 306, 310 [6th Cir 1991]). The plaintiffs also failed to state a cause of action for relief under the federal Fair Debt Collection Practices Act (15 USC § 1692 *et seq.* [hereinafter the FDCPA]) as against the OCWEN defendants. The FDCPA does not apply to a creditor, such as the defendant US Bank, N.A., that seeks to enforce a debt owed directly to it (*see* 15 USC § 1692a [6] [B]), and the plaintiffs do not allege that any exceptions to that general rule pertain here (*see Cavalry Portfolio Servs., LLC v Renne*, 27 Misc 3d 129[A], 2010 NY Slip Op 50615[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; *Sydney Realty, LLC v Desiderio*, 17 Misc 3d 137[A], 2007 NY Slip Op 52302[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). In any event, OCWEN began servicing the loan prior to the occurrence of the default. Therefore, it may not be deemed a "debt collector" within meaning of the FDCPA (15 USC § 1692a [6] [F]) that is subject to the restrictions imposed by that statute. The plaintiff also did not sufficiently allege that any of the remaining defendants was a "debt collector" within the meaning of that statute (*id.*).

However, contrary to the contention of the OCWEN defendants, the plaintiffs do not lack standing to assert a cause of action to quiet title to the subject property, and the complaint pleads a viable cause of action to quiet title (*see* RPAPL 1501 [1]). The Supreme Court did not err in declining to dismiss, as duplicative of claims in the prior action to quiet title, the cause of action to quiet title asserted against the OCWEN defendants in the instant action (*see* CPLR 3211 [a] [4]; *Jadron v 10 Leonard St., LLC*, 124 AD3d 842 [2015]; *A.F. Rockland Plumbing Supply Corp. v Hudson Shore Associated Ltd. Partnership*, 96 AD3d 885, 886 [2012]). Accordingly, the Supreme Court did not err in denying that branch of the OCWEN defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the cause of action to quiet title insofar as asserted against them.

The plaintiffs alleged that the OCWEN defendants affirmatively concealed the existence of facts showing the allegedly deceptive business practices until January 2012. The complaint was filed in February 2012. Under these circumstances, the OCWEN defendants failed to show that the cause of action to recover damages under General Business Law § 349 was time-barred (*see* CPLR 214 [2]; *Ostrower v Metropolitan Life Ins. Co.*, 286 AD2d 720 [2001]; *Gaidon v Guardian Life Ins. Co. of Am.*, 272 AD2d 60, 61 [2000], *affd* 96 NY2d 201

[2001]). Moreover, the complaint sufficiently alleged that the OCWEN defendants were engaged in deceptive "consumer-oriented" conduct, and sufficiently pleaded damages under General Business Law § 349 (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995]; *North State Autobahn, Inc. v Progressive Ins. Group Co.*, 102 AD3d 5, 12 [2012]; *Ural v Encompass Ins. Co. of Am.*, 97 AD3d 562, 564-565 [2012]). Further, there is no merit to the OCWEN defendants' contention that the plaintiffs lacked standing to challenge the assignment of the mortgage (*see generally Bank of N.Y. v Silverberg*, 86 AD3d 274 [2011]). Consequently, the Supreme Court did not err in denying that branch of the OCWEN defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the General Business Law § 349 cause of action insofar as asserted against them.

The Supreme Court erred, however, in denying the motion of the attorney defendants to dismiss the complaint insofar as asserted against them. The plaintiffs failed to state a cause of action to quiet title as against the attorney defendants, as the complaint did not allege that these defendants have or claim to have an interest in the subject property that is adverse to plaintiffs' claimed interest (*see* RPAPL 1501 [1]). The plaintiffs failed to state a cause of action to recover damages for negligent infliction of emotional distress as against the attorney defendants, as they did not allege conduct that endangered their safety or that placed them in fear for their safety (*see Santana v Leith*, 117 AD3d 711, 712 [2014]; *Sheila C. v Povich*, 11 AD3d 120, 130 [2004]). The complaint does not state a cause of action based on intentional infliction of emotional distress against the attorney defendants, as it failed to allege conduct by those defendants that is sufficiently extreme and outrageous so as to sustain that cause of action (*see Curtis-Shanley v Bank of Am.*, 109 AD3d at 635; *Baumann v Hanover Community Bank*, 100 AD3d at 816). Additionally, the plaintiffs failed to allege that the attorney defendants engaged in "consumer-oriented" conduct, a required element of the General Business Law § 349 cause of action; the plaintiffs did not allege a "standard or routine practice that . . . 'potentially affect[s] similarly situated consumers,'" with respect to these defendants (*Valentine v Quincy Mut. Fire Ins. Co.*, 123 AD3d 1011, 1015 [2014], quoting *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d at 27; *see JP Morgan Chase Bank, N.A. v Hall*, 122 AD3d 576, 581 [2014]; *Flax v Lincoln Natl. Life Ins. Co.*, 54 AD3d 992, 995 [2008]; *Brooks v Key Trust Co. N.A.*, 26 AD3d 628, 630-631 [2006]). The plaintiffs also failed to state a cause of action to recover damages for a violation of

RICO as against the attorney defendants, as no "pattern of racketeering" was alleged (*see Becher v Feller*, 64 AD3d at 677; *see also Vicom, Inc. v Harbridge Merchant Servs., Inc.*, 20 F3d at 781; *Thompson v Paasche*, 950 F2d at 310). Lastly, the plaintiffs failed to state a cause of action against the attorney defendants under the FDCPA, as they did not allege that the attorney defendants acted as "debt collectors" within the meaning of the FDCPA (15 USC § 1692a [6]).

Accordingly, the Supreme Court should have directed the dismissal of the complaint insofar as asserted against the attorney defendants. Skelos, J.P., Chambers, Maltese and Duffy, JJ., concur.