Abruscato v Allstate Prop. (2018 NY Slip Op 07279)





Abruscato v Allstate Prop.


2018 NY Slip Op 07279


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-09242
 (Index No. 3115/15)

[*1]Giovanni Abruscato, appellant, 
v
Allstate Property and Casualty Insurance Company, respondent.


Pamela Gabiger, Poughkeepsie, NY, for appellant.
Peter C. Merani, P.C., New York, NY (Eric M. Wahrburg of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover no-fault insurance benefits for medical expenses and lost wages, the plaintiff appeals from an order of the Supreme Court, Dutchess County (James W. Hubert, J.), dated July 28, 2016. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint and denied the plaintiff's cross motion pursuant to CPLR 3025(b) for leave to amend the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was to dismiss so much of the first cause of action as sought to recover no-fault insurance benefits for medical expenses, and substituting therefor a provision denying that branch of the defendant's motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff allegedly sustained injuries as a result of a motor vehicle accident in which his vehicle collided with a deer. The defendant was the plaintiff's motor vehicle insurance carrier at the time of the accident. The plaintiff submitted to the defendant an application for motor vehicle no-fault insurance benefits. The defendant denied certain claims for no-fault insurance benefits on the ground that the plaintiff's injuries were not causally related to the accident.
The plaintiff commenced this action, inter alia, to recover no-fault benefits for medical expenses and lost wages. The defendant moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the complaint, and the plaintiff cross-moved pursuant to CPLR 3025(b) for leave to amend the complaint. By order dated July 28, 2016, the Supreme Court, inter alia, granted that branch of the defendant's motion and denied the plaintiff's cross motion.
In considering a motion to dismiss the complaint for failure to state a cause of action, the court must afford the complaint a liberal construction, take the allegations of the complaint as true, and provide the plaintiff the benefit of every possible favorable inference (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19; Leon v Martinez, 84 NY2d 83, 88). "Where evidentiary material is submitted and considered on a motion to dismiss the complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has [*2]been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Rabos v R & R Bagles & Bakery, Inc., 100 AD3d 849, 851-852; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
We agree with the Supreme Court's determination granting that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss so much of the first cause of action as sought to recover no-fault insurance benefits for lost wages. It is undisputed that the plaintiff did not submit a claim for reimbursement for lost wages, and therefore the defendant's obligation to pay or deny such a claim never arose (see 11 NYCRR 65-3.8; see also Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498; Sound Shore Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 106 AD3d 157).
We also agree with the Supreme Court's determination granting those branches of the defendant's motion which were to dismiss the second and third causes of action to recover damages for intentional and negligent infliction of emotional distress, respectively. The conduct alleged, even if proven, was not sufficiently extreme and outrageous to support the cause of action to recover damages for intentional infliction of emotional distress (see Brunache v MV Transp., Inc., 151 AD3d 1011, 1014; Long Is. Care Ctr., Inc. v Goodman, 137 AD3d 874, 875). Additionally, the relationship between the plaintiff and the defendant does not give rise to a duty which could furnish a basis for tort liability in negligence (see Pirrelli v OCWEN Loan Servicing, LLC, 129 AD3d 689, 692; Baumann v Hanover Community Bank, 100 AD3d 814, 816).
We also agree with the Supreme Court's determination granting that branch of the defendant's motion which was to dismiss the fourth cause of action, which sought declaratory relief, since the plaintiff has an adequate alternative remedy in the form of a cause of action to recover no-fault insurance benefits (see Stuckey v Lutheran Care Found. Network, Inc., 140 AD3d 734, 736; Alizio v Feldman, 82 AD3d 804, 805; BGW Dev. Corp. v Mount Kisco Lodge No. 1552 of Benevolent & Protective Order of Elks of U.S. of Am., 247 AD2d 565, 568).
Further, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion for leave to amend the complaint, because the proposed amendments were palpably insufficient and patently devoid of merit (see White Knight of Flatbush, LLC v Deacons of Dutch Congregation of Flatbush, 159 AD3d 939; Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d 1035, 1037; Lucido v Mancuso, 49 AD3d 220, 229).
However, the Supreme Court should have denied that branch of the defendant's motion which was to dismiss so much of the first cause of action as sought to recover no-fault insurance benefits for medical expenses. The defendant contends, inter alia, that the plaintiff lacked standing because he had assigned his right to no-fault insurance benefits for medical expenses to his medical providers. Although the defendant submitted evidence that the plaintiff assigned his right to no-fault benefits to two medical providers (hereinafter the assignees), the plaintiff's evidentiary submissions showed that other medical providers had also billed him for their services. Moreover, upon the defendant's determination that the injury was not causally related to the motor vehicle accident, the assignees were no longer precluded from seeking payment from the plaintiff (see Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d 312, 318; Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199; Rotwein v Stancil, 15 Misc 3d 19, 21). Since there was a failure of insurance coverage rendering the plaintiff personally responsible for the medical bills (see Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d at 318; Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d at 199; Rotwein v Stancil, 15 Misc 3d at 21), the plaintiff has a cause of action to recover no-fault insurance benefits for medical expenses from the defendant (see Guggenheimer v Ginzburg, 43 NY2d at 275).
BALKIN, J.P., SGROI, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court