| |
|:---:|
| **JG Group Holdings LLC v Kahlon** |
| 2025 NY Slip Op 30404(U) |
| January 31, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 652196/2020 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-------------------------------------------------------------------------------X

| | | |
|---|---|---|
| JG GROUP HOLDINGS LLC, JGFT LLC, PGFT LLC, AC GROUP HOLDINGS LLC, CHALUTS TRUST, | **INDEX NO.** | 652196/2020 |
| Plaintiffs, | **MOTION DATE** | 07/15/2024 |
| - v - | **MOTION SEQ. NO.** | 008 |
| JOSSEF KAHLON, | | |

**DECISION + ORDER ON MOTION**

Defendant.

-------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 008) 171, 172, 173, 174, 175, 176, 185

were read on this motion for          LEAVE TO FILE THIRD AMENDED COUNTERCLAIM          .

Defendant/Counter-Plaintiff Jossef Kahlon ("Kahlon") moves for Leave to File a Third Amended Counterclaim ("TAC"), pursuant to CPLR 3025(b).  Plaintiffs/Counterclaim-Defendants JG Group Holdings, LLC, JGFT LLC, PGFT LLC, AC Group Holdings LLC, and Chaluts Trust (collectively, "Plaintiffs"), and previously dismissed third-parties Amir Chaluts ("Chaluts") and Jane Gol (collectively, "Counter-Defendants") oppose this motion.  For the following reasons, Mr. Kahlon's motion is granted in part.

CPLR 3025(b) provides that "[a] party may amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court . . . ." "Motions for leave to amend should be freely granted, absent prejudice or surprise . . . . unless the proposed amendment is palpably insufficient or patently devoid of merit" (*MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499, 499 [1st Dept 2010

**652196/2020   JG GROUP HOLDINGS LLC vs. KAHLON, JOSSEF**
 Motion No.  008

**Page 1 of 4**

[* 1]

Here, Mr. Kahlon submits that the proposed TAC only amplifies allegations derived generally from the same set of facts and transactions that were referenced in earlier pleadings. The TAC proposes to assert the following claims against Counter-Defendants: (i) a declaration that the Guarantee is not enforceable against Mr. Kahlon, (ii) violations of the Fair Debt Collection Practices Act, (iii) piercing the corporate veil; (iv) breach of fiduciary duty, (v) abuse of process, (vi) malicious prosecution, (vii) civil conspiracy, (viii) conversion, (ix) promissory estoppel; (x) injurious falsehood, (xi) defamation per se, (xii) accounting and (xiii) tortious interference with a business relationship.

"A party opposing leave to amend must overcome a heavy presumption of validity in favor of [permitting amendment]" (*LDIR, LLC v DB Structured Products, Inc.*, 172 AD3d 1, 4 [1st Dept 2019]). That said, "[a] proposed amended complaint that would be subject to dismissal *as a matter of law* is, by definition, 'palpably insufficient or clearly devoid of merit' and thus should not be permitted under CPLR 3025" (*Olam Corp. v Thayer*, 2021 NY Slip Op 30345[U], 3–4 [Sup Ct, NY County 2021]; *see also Scott v Bell Atl. Corp.*, 282 AD2d 180, 185 [1st Dept 2001], *affd as mod sub nom. Goshen v Mut. Life Ins. Co. of New York*, 98 NY2d 314 [2002]).

Mr. Kahlon fails to meaningfully respond to the Counter-Defendant's arguments that certain proposed counterclaims are "palpably insufficient or clearly devoid of merit." Upon review of the proposed amended counterclaims, the Court finds that the following are palpably insufficient on their face:

First, Defendant's second proposed counterclaim for violations of the Fair Debt Collection Practices Act relating to Plaintiffs seeking to enforce the Guaranty is insufficient as "the Act does not apply to a creditor . . . that seeks to enforce a debt owed directly to it" (*Winter*

**652196/2020   JG GROUP HOLDINGS LLC vs. KAHLON, JOSSEF**
**Motion No.  008**

**Page 2 of 4**

2 of 4

[* 2]

*v Lab. Corp. of Am.*, 225 AD3d 509, 509-10 [1st Dept 2024], *quoting Pirrelli v OCWEN Loan Servicing, LLC*, 129 AD3d 689, 693 [2d Dept 2015]; 15 USCA § 1692a[6][B]).

Defendant's seventh proposed counterclaim for civil conspiracy is barred under CPLR 3211(a)(5) based on this Court's prior dismissal of Defendant's conspiracy claim in the FAC because there is no independent claim for civil conspiracy in New York (NYSCEF 100/NYSCEF 105, ¶¶118-122, NYSCEF 125, NYSCEF 126 [Tr.] at 48-49).

Similarly, the proposed third counterclaim to hold Chaluts and Gol personally liable by piercing the corporate veil is insufficient as New York does not recognize an independent claim to "pierce the corporate veil" (*Matter of Morris v New York State Dept. of Taxation and Fin.*, 82 NY2d 135, 141 [1993]; *Tap Holdings, LLC v Orix Fin. Corp.*, 109 AD3d 167, 174 [1st Dept 2013]).

The Court will permit Mr. Kahlon to file the remaining proposed counterclaims as the Court does not find that they are "palpably insufficient or clearly devoid of merit" on their face. As to the Counter-Defendants' argument that the proposed fourth, eighth, and eleventh counterclaims are barred by res judicata, that is a separate argument from whether those counterclaims are insufficient on their face because it entails going beyond the scope of the pleading. The res judicata argument can be tested on a motion to dismiss or for summary judgment. In addition, if the Counter-Defendants believe Mr. Kahlon's assertion of these claims is frivolous in light of the parties' prior Stipulation of Discontinuance (NYSCEF 118) or for other reasons, they can seek relief under 22 NYCRR 130-1.1.

Accordingly, it is

**652196/2020   JG GROUP HOLDINGS LLC vs. KAHLON, JOSSEF**
  **Motion No.  008**

**Page 3 of 4**

3 of 4

[* 3]

**ORDERED** that Mr. Kalhon's Motion to Amend is **GRANTED IN PART**; and Mr. Kalhon may file a revised proposed Third Amended Counterclaims consistent with the Court's ruling herein within seven (7) days of the date of this Order; and it is further

**ORDERED** that the Counter-Defendants have twenty (20) days thereafter to answer or otherwise respond to the Third Amended Counterclaims.

This constitutes the decision and order of the Court.

| 1/31/2025 | | | | 202501311312301MCOHENEFA0A49AF004C06880D39168C34DEA5 |
|---|---|---|---|---|
| **DATE** | | | | **JOEL M. COHEN, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

652196/2020   JG GROUP HOLDINGS LLC vs. KAHLON, JOSSEF
Motion No.  008

Page 4 of 4