■ BANK OF NEW YORK MELLON TRUST COMPANY, N.A., Formerly Known as THE BANK OF NEW YORK TRUST COMPANY, N.A., as Successor-in-Interest to JPMORGAN CHASE BANK, N.A., FOR NOMURA ASSET ACCEPTANCE CORPORATION, ALTERNATIVE LOAN TRUST, SERIES 2004-AP1, et al., Respondents, v UNIVERSAL DEVELOPMENT, LLC, et al., Defendants, and BRYAN HEMMINGS et al., Appellants. [25 NYS3d 327]—In an action pursuant to RPAPL article 15 to quiet title to real property and for declaratory relief, the defendants Bryan Hemmings and Violette Patrick appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Nahman, J.), dated November 26, 2014, as denied their cross motion pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action pursuant to RPAPL article 15 to quiet title to certain real property against, among others, the defendants Bryan Hemmings and Violette Patrick (hereinafter together the defendants). The plaintiffs moved pursuant to CPLR 3211 (a) to dismiss the defendants' counterclaim, and the defendants cross-moved pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against them. In the order appealed from, the Supreme Court granted the plaintiffs' motion and denied the defendants' cross motion. The defendants appeal from so much of the order as denied their cross motion.

In considering a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the sole criterion is whether, from the complaint's "four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*Guggenheimer v Ginzburg*,

43 NY2d 268, 275 [1977]). For purposes of a CPLR 3211 (a) (7) motion, the facts pleaded are presumed to be true and are to be accorded every favorable inference (*see Gershon v Goldberg*, 30 AD3d 372 [2006]).

Applying this standard, the allegations in the amended complaint stated a cause of action pursuant to RPAPL article 15 to quiet title to the subject property (*see* RPAPL 1515; *Pirrelli v OCWEN Loan Servicing, LLC*, 129 AD3d 689, 693 [2015]). Contrary to the defendants' contention, the plaintiffs do not lack standing to commence this action (*see* CPLR 3211 [a] [3]; RPAPL 1501 [1]; *Wellington v Financial Freedom Acquisition LLC*, 132 AD3d 506 [2015]; *Pirrelli v OCWEN Loan Servicing, LLC*, 129 AD3d at 693).

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the defendants' cross motion pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against them. Dillon, J.P., Hall, Roman and Duffy, JJ., concur.