Amsterdam Tobacco Co., Inc. v Harold Levinson Assoc., LLC (2022 NY Slip Op 00390)





Amsterdam Tobacco Co., Inc. v Harold Levinson Assoc., LLC


2022 NY Slip Op 00390


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2018-11161
 (Index No. 502413/18)

[*1]Amsterdam Tobacco Co., Inc., et al., appellants,
v
Harold Levinson Associates, LLC, respondent, et al., defendants.


Kirby McInerney LLP, New York, NY (Randall M. Fox and Anthony Maneiro of counsel), for appellants.
Baker Botts LLP, New York, NY (Andrew M. Lankler of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for violation of the Cigarette Marketing Standards Act (Tax Law art 20-A), the plaintiffs appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated August 3, 2018. The order granted the motion of the defendant Harold Levinson Associates, LLC, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Harold Levinson Associates, LLC, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it is denied.
The plaintiffs, cigarette distributors, commenced this action against competitor distributors, alleging violations of the Cigarette Marketing Standards Act (Tax Law art 20-A; hereinafter CMSA). The out-of-state defendants removed the action to federal court, and the action against the defendant Harold Levinson Associates, LLC (hereinafter HLA), was severed and remanded to state court (see Mountain Candy & Cigar Co., Inc. v Plainfield Tobacco & Candy Co., Inc., 2019 WL 5895973, 2019 US Dist LEXIS 195909 [ED NY, No. 19-CV-2080(KAM) (VMS)];
Donohue Candy and Tobacco Co., Inc. v Consumer Product Distributors, Inc., 422 F Supp 3d 637, 643 [ED NY]; Amsterdam Tobacco Co., Inc. v Core-Mark Midcontinent, Inc., 2019 WL 4696282, 2019 US Dist LEXIS 165775 [ED NY, No. 18-CV-1432 (KAM) (VMS)]).
The complaint alleges that HLA, a licensed cigarette agent and wholesaler, violated the CMSA by selling cigarettes to the plaintiffs' customers at prices below the CMSA minimum prices by issuing secret rebates to the customers which lowered the prices below the legal minimum. As a result, the plaintiffs allegedly lost customers to HLA. The complaint further alleges that HLA did not make good faith efforts to determine whether any competitors offered cigarettes for sale at its post-rebate prices, and that HLA knew the rebates were illegal and offered them to beat the legal prices of the plaintiffs.
HLA moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted [*2]against it, arguing, among other things, that the complaint failed to state a cause of action for violation of the CMSA. The Supreme Court granted HLA's motion, determining that (1) rebates which result in prices lower than legal minimums do not violate the CMSA, and (2) HLA offered the rebates in good faith to compete with competitors, thus satisfying the good faith "meeting competition" exception to the statute (see Tax Law § 486[b][1]). The plaintiffs appeal.
The CMSA "prohibits the sale of cigarettes below cost when the seller intends thereby to harm competition or evade taxes" (Lorillard Tobacco Co. v Roth, 99 NY2d 316, 319; see Tax Law § 484[a][1]). Evidence "of any offer of a rebate in price, or giving of a rebate in price, or an offer of a concession, or the giving of a concession of any kind or nature whatsoever in connection with the sale of cigarettes" shall be prima facie evidence of the requisite intent (Tax Law § 484[a][6]). Regulations of the Department of Taxation and Finance explain that a rebate or a concession, in and of itself, is not unlawful "where such rebate or concession does not directly or indirectly serve to reduce the price below that at which cigarettes can be lawfully sold or purchased in this State" (20 NYCRR 84.1[b][2]). A determination as to whether a rebate reduces the price of cigarettes below the legal minimum "demands a close analysis of each situation on its own merits," and the "burden of proving the legality of a rebate or concession shall be upon the seller when such rebate or concession is offered or given" (id.).
Thus, the CMSA and its regulations make clear that rebates which directly or indirectly serve to reduce prices below legal minimums constitute violations of the prohibition on offers to sell or sales of cigarettes at less than minimum prices (see Tax Law § 484[a][1]). The Supreme Court therefore erred in directing dismissal of the complaint on the basis that the alleged conduct involved the provision of rebates. Contrary to HLA's contention, the complaint sufficiently pleaded that these rebates resulted in prices below the legal minimum (see 20 NYCRR 84.1[b][2]).
The Supreme Court also erred in determining that the good faith "meeting competition" exception to the CMSA applied as a matter of law. The exception permits an agent or wholesale dealer to sell cigarettes "at a price made in good faith to meet the price of a competitor who is rendering the same type of services and is selling the same article at cost to him [or her]" (Tax Law § 486[b][1]). The statute places the burden on the seller to provide "proof of the price of a competitor" by defaulting to the statutory minimum in the absence of such proof (id. § 486[b][2]).
In assessing the adequacy of a complaint under CPLR 3211(a)(7), the court must afford the pleading a liberal construction, accept the facts alleged in the complaint to be true, and accord the plaintiff the benefit of every possible favorable inference (see CPLR 3026; J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d 324, 334; Leon v Martinez, 84 NY2d 83, 87). Here, the complaint sufficiently pleads that HLA did not offer the rebates in good faith to meet the prices of a competitor selling cigarettes at its cost (see Tax Law § 486[b][1]; see also id. § 483[b]). The complaint alleges that HLA lowered its prices to beat, not meet, legal competition. Moreover, it alleges that HLA's sales manager was aware that such rebates violated the CMSA (see George W. Cochran Co. v Comptroller of Treasury, Alcohol & Tobacco Tax Div., 292 Md 3, 12 n 4, 437 A2d 194, 198 n 4).
Contrary to the Supreme Court's determination, the exception requires the seller to provide proof of a specific competitor's price, rather than merely a generalized assertion of competition (see Tax Law § 486[b][2]; cf. FTC v A. E. Staley Mfg., 324 US 746, 753). Issues regarding any specific competitors upon which HLA claims to have relied, including HLA's alleged lack of due diligence in confirming the legality of competitors' low prices, present factual issues concerning HLA's good faith, which are inappropriate for determination on this motion to dismiss the complaint (see Amsterdam Tobacco, Co., Inc. v Core-Mark Midcontinent, Inc., 2019 WL 4696282, 2019 US Dist LEXIS 165775 [ED NY, No. 18-CV-1432 (KAM) (VMS)]; see also Water Craft Management LLC v Mercury Marine, 457 F3d 484, 489 [5th Cir]; McLane Southern, Inc. v Ark. Tobacco Control Bd., 2010 Ark 498, 375 SW3d 628; Duarte v Commissioner of Revenue, 451 Mass 399, 404-407, 413-416, 886 NE2d 656, 662-663, 668-669).
Accordingly, the Supreme Court should have denied HLA's motion to dismiss the [*3]complaint insofar as asserted against it.
BARROS, J.P., CONNOLLY, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court