Feldman v Byrne (2022 NY Slip Op 06113)

Feldman v Byrne

2022 NY Slip Op 06113

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2021-05942
 (Index No. 614106/20)

[*1]Eric Feldman, etc., et al., appellants, 
v
Jeffrey Byrne, et al., respondents.

Cyruli Shanks & Zizmor, LLP, New York, NY (James E. Schwartz of counsel), for appellants.
Chiesa Shahinian & Giantomasi, P.C., New York, NY (A. Ross Pearlman and Melissa F. Wernick of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for fraudulent inducement, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered July 23, 2021. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging fraudulent inducement and negligent misrepresentation.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging fraudulent inducement, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.
According to the complaint, in October 2018, the plaintiff Eric Feldman, a licensed radiologist, began employment as a remote radiologist interpreting films and studies via teleradiology for a practice operating under nonparty radiologist Jeffrey Lyons, and then known as Lyons Medical (hereinafter the Lyons practice) at a location in Valley Stream (hereinafter the Valley Stream location). Approximately one month into his employment, the defendant Jeffrey Byrne, a layman who individually or through his corporation JAVS Ventures, Inc., ostensibly owned the Lyons practice, approached Feldman with a business proposition, advising Feldman that the Lyons practice would soon cease operations and that Feldman would have an opportunity to open his own practice under his name.
In furtherance of Byrne's offer, Feldman and Byrne met on November 18, 2018. Feldman alleges that, at that meeting, Byrne made several misrepresentations on which the complaint rests. As relevant here, in particular, Feldman alleges that, at their meeting, Byrne stated that the Lyons practice had a stable source of patients and otherwise benefitted from referrals from local practicing physicians, and that the Lyons practice was a "clean practice" and that the referrals it received "were not based on payoffs." Feldman alleges that, in reliance on these representations, amongst others, he opened a radiological practice the plaintiff, Instar Medical, P.C. (hereinafter Instar), at the Valley Stream location, retaining all of the support staff previously employed by the [*2]Lyons practice.
Feldman alleges that, shortly after opening Instar, Byrne advised him that he would have to give certain people "thousands of pineapples" if he wanted the practice's patient referral stream to continue unabated. Feldman claims that, in response, he refused and ceased seeing patients at the Valley Stream location and, as a result, he terminated Instar's lease and eventually ceased operations. Measuring their damages based on four months' operation, the plaintiffs commenced this action seeking recovery of the sum of $300,000 in damages premised on causes of action alleging fraudulent inducement, negligent misrepresentation, and breach of fiduciary duty. The plaintiffs alleged that "[b]ut for" Byrne's misrepresentations of material facts, Feldman would not have opened Instar at the Valley Stream location.
In lieu of answering, the defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. The plaintiffs opposed the motion. In an order entered July 23, 2021, the Supreme Court, inter alia, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging fraudulent inducement and negligent misrepresentation. The plaintiffs appeal.
"Upon a motion to dismiss [pursuant to CPLR 3211(a)(7)], the sole criterion is whether the subject pleading states a cause of action, and if, from the four corners of the complaint, factual allegations are discerned which, taken together, manifest any cause of action cognizable at law, then the motion will fail" (Ruggiero v DePalo, 153 AD3d 870, 871 [internal quotation marks omitted]; see Bank of N.Y. Mellon Trust Co., N.A. v Universal Dev., LLC, 136 AD3d 850, 850). In assessing the adequacy of a complaint under CPLR 3211(a)(7), the court must afford the pleading a liberal construction, accept the facts alleged in the complaint to be true, and accord the plaintiff the benefit of every possible favorable inference (see J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d 324, 334; Leon v. Martinez, 84 NY2d 83, 87; Amsterdam Tobacco Co., Inc. v Harold Levinson Assoc., LLC, 201 AD3d 846, 848-849). The court is to determine only whether the facts as alleged fit within any cognizable legal theory (see Gorbatov v Tsirelman, 155 AD3d 836, 837). However, "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (Santoro v Poughkeepsie Crossings, LLC, 180 AD3d 12, 16 [internal quotation marks omitted]). "The allegations of the pleading cannot be vague and conclusory, but must contain sufficiently particularized allegations from which a cognizable cause of action reasonably could be found" (Monaghan v Roman Catholic Diocese of Rockville Ctr., 165 AD3d 650, 652 [internal quotation marks omitted]).
"'To state a [cause of action to recover damages] for fraudulent inducement, there must be a knowing misrepresentation of material present fact, which is intended to deceive another party and induce that party to act on it, resulting in injury'" (Louie's Seafood Rest., LLC v Brown, 199 AD3d 790, 793, quoting Tsinias Enters. Ltd. v Taza Grocery, Inc., 172 AD3d 1271, 1273 [internal quotation marks omitted]; see 651 Bay St., LLC v Discenza, 189 AD3d 952, 953-954).
"Where a cause of action is based upon fraud, the circumstances constituting the wrong shall be stated in detail" (Trump Vil. Section 4, Inc. v Vilensky, 202 AD3d 865, 866 [internal quotation marks omitted]). The pleading requirements of CPLR 3016(b) may be met when the facts are sufficient to permit a reasonable inference of the alleged conduct (see Qureshi v Vital Transp., Inc., 173 AD3d 1076, 1077), and the statute "should not be so strictly interpreted as to prevent an otherwise valid cause of action in situations where it may be impossible to state in detail the circumstances constituting a fraud" (Farro v Schochet, 190 AD3d 698, 699 [internal quotation marks omitted]).
Regarding reasonable reliance on a misrepresentation of a material fact, the "plaintiff is expected to exercise ordinary diligence and may not claim to have reasonably relied on a defendant's representations [or silence] where he [or she] has means available to him [or her] of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation" (Benjamin v Yeroushalmi, 178 AD3d 650, 654 [internal quotation marks omitted]; [*3]see Avery v WJM Dev. Corp., 197 AD3d 1141, 1144; Weiss v Hager, 151 AD3d 906, 909).
The "question of what constitutes reasonable reliance is always nettlesome because it is so fact-intensive" (DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d 147, 155 [internal quotation marks omitted]). The resolution of the issue of whether a plaintiff reasonably relied on a defendant's misrepresentation in support of a cause of action alleging fraud in the inducement is ordinarily relegated to the finder of fact (see Lawson-Groome v Smalls, 144 AD3d 633, 634; Lunal Realty, LLC v DiSanto Realty, LLC, 88 AD3d 661, 665; Jablonski v Rapalje, 14 AD3d 484, 488). Thus, contrary to the defendants' contention, the plaintiffs adequately stated a cause of action to recover damages for fraudulent inducement insofar as the determination of the reasonableness of Feldman's reliance on Byrne's alleged misrepresentations concerning, among other things, the source of the Lyons practice's patient referrals itself entailed a question of fact not appropriate for summary disposition as a matter of law.
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging fraudulent inducement.
In order for the plaintiffs to recover on a cause of action sounding in negligent misrepresentation, they must demonstrate the existence of (1) a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information (see Broecker v Conklin Prop., LLC, 189 AD3d 751). "[A] duty to speak with care exists when the relationship of the parties, arising out of contract or otherwise, [is] such that in morals and good conscience the one has the right to rely upon the other for information" (Krobath v South Nassau Communities Hosp., 178 AD3d 807, 808 [internal quotation marks omitted]). "[L]iability for negligent misrepresentation has been imposed only on those persons who possess unique or specialized expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified" (HSBC Bank USA, N.A. v Ngo, 197 AD3d 1102, 1105 [internal quotation marks omitted]; see International Shoppes, Inc. v At the Airport, LLC, 131 AD3d 926, 937; High Tides, LLC v DeMichele, 88 AD3d 954, 959).
Here, contrary to the plaintiffs' contention, the Supreme Court did not err in its determination that the complaint failed to state a cause of action to recover damages for negligent misrepresentation. Generally, a special relationship does not arise out of an ordinary arm's length business transaction between two parties (see High Tides, LLC v DeMichele, 88 AD3d at 960; US Express Leasing, Inc. v Elite Tech. [NY], Inc., 87 AD3d 494, 497). "[A] conventional business relationship, without more, is insufficient to create a fiduciary relationship. Rather, a plaintiff must make a showing of 'special circumstances' that could have transformed the parties' business relationship to a fiduciary one, such as control by one party of the other for the good of the other" (Saul v Cahan, 153 AD3d 947, 949 [citation and internal quotation marks omitted]; see AHA Sales, Inc. v Creative Bath Prods., Inc., 58 AD3d 6, 21).
Here, the allegations in the complaint do not support an inference that a special relationship was created or existed between Feldman and Byrne prior to the opening of Instar. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging negligent misrepresentation.
In light of our determination, we do not reach the plaintiffs' remaining contention.
CONNOLLY, J.P., RIVERA, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court