Borovina v ACAP Fund GP, LLC (2023 NY Slip Op 05115)

Borovina v ACAP Fund GP, LLC

2023 NY Slip Op 05115

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2021-07688
 (Index No. 609110/21)

[*1]Anton J. Borovina, appellant, 
v
ACAP Fund GP, LLC, et al., respondents, et al., defendant.

Anton J. Borovina, Melville, NY, appellant pro se.
Tein Malone, PLLC, New York, NY (T. Omar Malone of counsel), for respondent ACAP Fund GP, LLC, and Locke Lord LLP, New York, NY (Casey B. Howard and Jeffrey S. Kramer of counsel), for respondent The Loan Source, Inc. (one brief filed).

DECISION & ORDER
In an action to recover damages for negligent misrepresentation and fraud, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated October 19, 2021. The order, insofar as appealed from, granted the motion of the defendants ACAP Fund GP, LLC, and The Loan Source, Inc., pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
According to the complaint, in January 2021, the plaintiff registered with the defendant The Loan Source, Inc. (hereinafter TLS), and received access to the TLS online portal for the purposes of obtaining services to submit an application for a loan through the Payroll Protection Program (hereinafter PPP). The complaint alleged that TLS and the defendant ACAP Fund GP, LLC (hereinafter ACAP), conducted business together as "ACAP + The Loan Source Team." After the plaintiff uploaded all documentation to the TLS online portal, TLS sent the plaintiff a notice that there was an error or mismatch in the reporting of the plaintiff's social security and tax identification numbers with documentation previously submitted by the plaintiff in support of a prior PPP loan application. The plaintiff provided TLS documentation to fix the error, and TLS informed the plaintiff that it had received the additional documentation and that his PPP loan application "should be all set." Thereafter, the plaintiff continued to receive error notices regarding his social security and tax identification numbers, and TLS advised him to disregard those notices as they were "out of date." Subsequently, in April 2021, TLS informed the plaintiff that it was unable to obtain approval of his PPP loan application and that it could no longer provide PPP-related services to him.
Thereafter, the plaintiff commenced this action to recover damages for negligent misrepresentation and fraud against ACAP, TLS, and the defendant Sterling National Bank. ACAP and TLS moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them. In an order dated October 19, 2021, the Supreme Court, inter alia, granted the motion. The plaintiff appeals.
In considering a motion pursuant to CPLR 3211(a)(7), "a court must accept the facts [*2]as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Sullivan v Port Wash. Union Free Sch. Dist., 213 AD3d 966, 967 [internal quotation marks omitted]; see Skefalidis v China Pagoda NY, Inc., 210 AD3d 925, 926).
In order for a plaintiff to recover on a cause of action sounding in negligent misrepresentation, the plaintiff must demonstrate "(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information" (Rosner v Bankers Std. Ins. Co., 172 AD3d 1257, 1260 [alterations and internal quotation marks omitted]; see Feldman v Bryne, 210 AD3d 646, 650).
Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the motion of ACAP and TLS which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action sounding in negligent misrepresentation insofar as asserted against them. Generally, "[a] special relationship does not arise out of an ordinary arm's length business transaction between two parties" (Neurological Surgery, P.C. v MLMIC Ins. Co., 208 AD3d 1238, 1240 [internal quotation marks omitted]; see High Tides, LLC v DeMichele, 88 AD3d 954, 960). Here, the allegations in the complaint did not support an inference that a special relationship was created or existed between the plaintiff and ACAP or TLS.
Further, the Supreme Court properly granted that branch of the motion of ACAP and TLS which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action sounding in fraud insofar as asserted against them. A cause of action alleging fraud requires the plaintiff to plead: (1) a misrepresentation or a material omission of fact which was false; (2) known to be false by the defendant; (3) made for the purpose of inducing the other party to rely upon it; (4) justifiable reliance of the other party on the misrepresentation or material omission; and (5) injury (see Asamblea De Iglesias Christianas, Inc. v DeVito, 210 AD3d 843, 845; Minico Ins. Agency, LLC v B & M Cleanup Servs., 175 AD3d 776, 777). "In addition, CPLR 3016(b) requires that the circumstances underlying a cause of action based on fraud be stated 'in detail'" (313 43rd St. Realty, LLC v TMS Enters., LP, 163 AD3d 512, 516; see Doukas v Ballard, 135 AD3d 896, 898). Here, the allegations with respect to the cause of action alleging fraud were merely a recitation of the negligent misrepresentation cause of action, plus the conclusory allegation that the defendants' representations "were so reckless and wanton as to constitute fraud." Therefore, the plaintiff failed to plead a cause of action sounding in fraud with particularity, as required by CPLR 3016(b) (see Pace v Raisman & Assoc., Esqs., LLP, 95 AD3d 1185, 1189; Ford v Sivilli, 2 AD3d 773, 775).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the motion of ACAP and TLS pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them.
CONNOLLY, J.P., GENOVESI, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court