Rosenblum v Board of Educ. Great Neck Union Free Sch. Dist. (2024 NY Slip Op 04990)

Rosenblum v Board of Educ. Great Neck Union Free Sch. Dist.

2024 NY Slip Op 04990

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-04796
 (Index No. 610516/21)

[*1]Meryl A. Rosenblum, appellant, 
v
Board of Education Great Neck Union Free School District, et al., respondents.

Stephen P. Haber, Scarsdale, NY (Jeffrey M. Rosenblum, P.C., of counsel), for appellant.
Ingerman Smith, LLP, Hauppauge, NY (Neil M. Block and Sophia Terrassi of counsel), for respondents Board of Education Great Neck Union Free School District, Great Neck Union Free School District, Great Neck Public Schools, Great Neck Public School District, and Saddle Rock Elementary School.
Blitman & King LLP, Melville, NY (Paul K. Brown of counsel), for respondent Great Neck Teachers Association.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiff appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, J.), entered June 8, 2022. The order granted the separate motions of the defendant Great Neck Teachers Association and the defendants Board of Education Great Neck Union Free School District, Great Neck Union Free School District, Great Neck Public Schools, Great Neck Public School District, and Saddle Rock Elementary School pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.
In September 2018, the superintendent of schools for the defendant Great Neck Union Free School District (hereinafter the district) reassigned the plaintiff, a tenured elementary school teacher, from teaching duties to administrative ones. In December 2018, the plaintiff served a notice of claim upon the district and the defendants Board of Education Great Neck Union Free School District, Great Neck Public Schools, Great Neck Public School District, and Saddle Rock Elementary School (hereinafter collectively the district defendants), alleging, inter alia, breach of contract. Soon thereafter, the district found that probable cause existed to bring disciplinary charges against the plaintiff, among other things, pursuant to Education Law § 3020-a alleging professional misconduct. Pursuant to a stipulation of settlement dated August 21, 2019, the plaintiff, inter alia, agreed to retire effective May 1, 2020, and to release any and all claims against the district defendants in consideration for, among other things, continued receipt of her salary and certain benefits.
On January 2, 2020, the district and the defendant Great Neck Teachers Association [*2](hereinafter the union) entered into a memorandum of agreement providing a retirement incentive of payment of unused sick leave to certain full-time teaching faculty members. The plaintiff thereafter applied for the retirement incentive. The district rejected her request on January 24, 2020. In a notice of claim dated July 15, 2020, the plaintiff alleged, inter alia, that the district's denial of her application constituted a breach of the stipulation of settlement.
On August 16, 2021, the plaintiff commenced this action against the defendants, among other things, to recover damages for breach of contract, fraud in the inducement, and negligent misrepresentation. The plaintiff alleged, inter alia, that prior to the execution of the stipulation of settlement, the defendants fraudulently misrepresented, in substance, that no further negotiations affecting the collective bargaining agreement governing the plaintiff's benefits were pending. She further alleged that the stipulation of settlement entitled her to the retirement incentive offered in the memorandum of agreement and that the district defendants breached the stipulation of settlement by denying her application. Thereafter, the union and the district defendants separately moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. In an order entered June 8, 2022, the Supreme Court granted the motions. The plaintiff appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts alleged by the plaintiff as true and liberally construe the complaint, according it the benefit of every possible favorable inference" (Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 959, 960 [internal quotation marks omitted]; see Feldman v Byrne, 210 AD3d 646, 648). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d at 960 [internal quotation marks omitted]; see Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d 124, 130). "Where evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (State Farm Fire & Cas. Co. v Capital Sewer, Inc., 220 AD3d 701, 701 [internal quotation marks omitted]).
"'[T]o state a cause of action to recover damages for a breach of contract, the plaintiff's allegations must identify the provisions of the contract that were breached'" (We Transp., Inc. v Westbury Union Free Sch. Dist., 219 AD3d 865, 866, quoting Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d at 960). Here, no provision in the stipulation of settlement entitles the plaintiff to the retirement incentive (see id. at 866-867). Furthermore, the plaintiff was not a party to the memorandum of agreement. Accordingly, the Supreme Court properly directed dismissal of the cause of action to recover damages for breach of contract.
"To establish fraud, a plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by the defendant" (Nerey v Greenpoint Mtge. Funding, Inc., 144 AD3d 646, 647 [internal quotation marks omitted]; see Asamblea De Iglesias Christianas, Inc. v DeVito, 210 AD3d 843, 845). "When a plaintiff brings a cause of action based upon fraud, the circumstances constituting the wrong shall be stated in detail" (Asamblea De Iglesias Christianas, Inc. v DeVito, 210 AD3d at 845 [internal quotation marks omitted]; see CPLR 3016[b]). Here, the complaint failed to properly plead all of the requisite elements of fraud against the defendants with sufficient particularity (see CPLR 3016[b]; Asamblea De Iglesias Christianas, Inc. v DeVito, 210 AD3d at 845). Furthermore, the complaint, taken at face value, failed to support the allegation that the defendants misrepresented any facts. For the same reason, the complaint failed to state a cause of action to recover damages for negligent misrepresentation (see Borovina v ACAP Fund GP, LLC, 220 AD3d 729, 730). Accordingly, the Supreme Court properly directed dismissal of the causes of action to recover damages for fraud in the inducement and negligent misrepresentation.
The Supreme Court also properly directed dismissal of the cause of action sounding in breach of the duty of fair representation. "Breach of the duty of fair representation occurs only [*3]when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith" (Matter of McLaughlin v Hankin, 132 AD3d 675, 676). Here, the complaint failed to set forth such conduct. On its face, the exclusion of union members who had previously retired or submitted a letter of resignation for purposes of retirement from the retirement incentive was rational.
To the extent that the complaint also asserted causes of action to recover damages for breach of the implied covenant of good faith and fair dealing or breach of fiduciary duty, the Supreme Court properly directed dismissal of those causes of action (see Singh v City of New York, 189 AD3d 1697, 1700-1701, affd 40 NY3d 138; Nachbar v Cornwall Yacht Club, 160 AD3d 972, 973; Rut v Young Adult Inst., Inc., 74 AD3d 776, 777).
In light of the foregoing, we need not reach the parties' remaining contentions.
BRATHWAITE NELSON, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court