Away Envtl., Inc. v Town of Clarkstown (2025 NY Slip Op 04535)

Away Envtl., Inc. v Town of Clarkstown

2025 NY Slip Op 04535

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-02289
 (Index No. 30126/22)

[*1]Away Environmental, Inc., et al., appellants,
v
Town of Clarkstown, respondent.

Savad Churgin, LLP (Dennis E. A. Lynch, Nanuet, NY, of counsel), for appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Eliza M. Scheibel of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligent misrepresentation, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated December 22, 2022. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for negligent misrepresentation.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2022, the plaintiffs commenced this action against the defendant, Town of Clarkstown, inter alia, to recover damages for negligent misrepresentation. In March 2022, the Town moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for negligent misrepresentation. The plaintiffs opposed the motion. By order dated December 22, 2022, the Supreme Court, inter alia, granted that branch of the Town's motion. The plaintiffs appeal.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Pergament v Government Empls. Ins. Co. ["GEICO"], 225 AD3d 799, 800 [internal quotation marks omitted]; see Clevenger v Yuzek, 222 AD3d 931, 934).
"In order to state a cause of action for negligent misrepresentation, a plaintiff must allege '(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect [or withheld]; and (3) reasonable reliance on the information [or omission]'" (Neurological Surgery, P.C. v Group Health Inc., 224 AD3d 700, 703, quoting Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 180). "'Generally, a special relationship does not arise out of an ordinary arm's length business transaction between two parties'" (id., quoting Feldman v Byrne, 210 AD3d 646, 650; see Borovina v ACAP Fund GP, LLC, 220 AD3d 729, 730). Indeed, a "conventional business relationship, without more, is insufficient to create a fiduciary relationship. Rather, a plaintiff must make a showing of special circumstances that could have transformed the parties' business relationship to a fiduciary one, such [*2]as control by one party of the other for the good of the other" (Feldman v Byrne, 210 AD3d at 650 [internal quotation marks omitted]).
Here, the plaintiffs failed to adequately state a cause of action to recover damages for negligent misrepresentation. The plaintiffs failed to sufficiently allege the existence of a special or privity-like relationship imposing a duty on the Town to impart correct information to the plaintiffs (see Neurological Surgery, P.C. v Group Health Inc., 224 AD3d at 703; Borovina v ACAP Fund GP, LLC, 220 AD3d at 730).
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for negligent misrepresentation.
BARROS, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court