Amsterdam Tobacco Co., Inc. v Harold Levinson Assoc., LLC (2025 NY Slip Op 04532)

Amsterdam Tobacco Co., Inc. v Harold Levinson Assoc., LLC

2025 NY Slip Op 04532

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
JAMES P. MCCORMACK, JJ.

2024-09309
 (Index No. 502413/18)

[*1]Amsterdam Tobacco Co., Inc., et al., appellants,
v
Harold Levinson Associates, LLC, respondent.

Kirby McInerney LLP, New York, NY (Randall M. Fox of counsel), for appellants.
Baker Botts, LLP, New York, NY (Andrew M. Lankler, Joseph C. Perry, Eric DuPont, and Sarah Reeves of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for a violation of the Cigarette Marketing Standards Act (Tax Law art 20-A), the plaintiffs appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated May 14, 2024. The order denied the plaintiffs' motion pursuant to CPLR 3211(b) to dismiss the defendant's affirmative defense alleging the good faith "meeting competition" exception.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action alleging that the defendant, Harold Levinson Associates, LLC (hereinafter HLA), a licensed cigarette agent and wholesaler, violated the Cigarette Marketing Standards Act (CMSA) (Tax Law art 20-A) by offering impermissible rebates. In connection with a prior appeal, this Court reversed an order granting HLA's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it (see Amsterdam Tobacco Co., Inc. v Harold Levinson Assoc., LLC, 201 AD3d 846). Thereafter, in answering an amended complaint, HLA interposed affirmative defenses, including that it did not violate the CMSA because it priced its cigarettes in good faith to meet its competitors' prices (see Tax Law § 486[b][1]). The plaintiffs moved pursuant to CPLR 3211(b) to dismiss that affirmative defense. In an order dated May 14, 2024, the Supreme Court denied the motion. The plaintiffs appeal.
The Supreme Court properly denied the plaintiffs' motion pursuant to CPLR 3211(b) to dismiss HLA's affirmative defense alleging the good faith "meeting competition" exception to the CMSA. The plaintiffs did not establish that this affirmative defense was without merit as a matter of law (see Tax Law § 486[b][1]; Amsterdam Tobacco Co., Inc. v Harold Levinson Assoc., LLC, 201 AD3d at 847-849; see generally Muniz v SPO Rest., LLC, 227 AD3d 1002).
MILLER, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court